BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KASSANDRA J. MCGRADY, IDAHO STATE BAR NO. 8455
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEX BENNETT GOODWIN,<br><br>Defendant. | Case No. CR-17-296-E-DCN<br><br>STIPULATION FOR AN ORDER GOVERNING PROCEDURES FOR A FORENSIC REVIEW OF MATERIAL CONTAINING CHILD PORNOGRAPHY CONTRABAND |

The United States of America, by and through Bart M. Davis, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, and the Defendant, Lex Bennett Goodwin, by and through his appointed counsel, Manuel Murdoch of Manuel Murdoch Law Office, hereby move this Court for an order establishing procedures for an independent forensic review of child pornography contraband pursuant to 18 U.S.C. § 3509(m). The parties hereby stipulate and agree to the following:

STIPULATION FOR PROCEDURES GOVERNING FORENSIC REVIEW - 1

1. Pursuant to 18 U.S.C. § 3509(m), courts are required to deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the government makes the material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility. 18 U.S.C. § 3509(m).

2. For purposes of this stipulation and order, the term "defense team" refers solely to defendant's counsel of record, Manuel Murdoch ("defense counsel"), and Defendant's designated forensic examiner Josiah Roloff ("defense forensic examiner"). Defendant and defense counsel represent that the defense team agrees to be bound by the terms and conditions of this stipulation and order.

3. In order to comply with 18 U.S.C. § 3509(m), and to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the government will make the following items available for review by the defendant forensic examiner at a government facility in Spokane, Washington:

> 1. A forensic image of the hard drive (Hitachi, Serial Number: B7DR34EL) removed from the Gateway laptop computer (Serial Number: LXWM9020060271508E1601).
>
> 2. The contents of the lexinpocatello@gmail.com and lexgoodwin85@gmail.com accounts that were received by Homeland Security Investigations (HSI) from Google, Inc. in response to search warrants for the contents of the accounts.
>
> 3. A forensic image of a Samsung Galaxy S7 SM-G930P cellphone (MEID 089476327100090500) and the micro SD card found installed in the device.

4. The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting against further dissemination of said contraband that would be harmful to the victims, while permitting defense counsel an opportunity to prepare an effective defense for trial. Accordingly, the parties jointly request that the Court order as follows:

STIPULATION FOR PROCEDURES GOVERNING FORENSIC REVIEW - 2

a. The computer forensic examination of the defense expert hard drive may be conducted at the office of the Homeland Security Investigations in Spokane, Washington ("Spokane HSI Office"), during regular business hours Monday through Friday from 8:00 a.m. to 5:00 p.m. (PST). The Spokane HSI Office is located at 411 W. Cataldo Ave, Spokane, WA 99201.

b. A private room will be provided for the defense examination and no government agent will be permitted inside the room during the examination. Adequate space will be made for one forensic examiner and one defense attorney and up to two computers and monitors, a landline telephone, and available power outlets for other peripheral devices that may be required. HSI does not supply computers, software, or any other equipment for the defense review other than the external hard drive holding the forensic image of the Gateway computer, the contents of the Google accounts, and the cellphone extraction, a work table, and power connections.

c. HSI operates on a secure, encrypted network that does not extend beyond the HSI office. No internet connection can be provided.

d. The defense team will check in and out each day at the reception desk and must be escorted whenever outside the area designated for the examination.

e. If the defense forensic examiner requires more than one day to complete the defense review, it is the responsibility of the visiting examiner to make appropriate arrangements to securely store his equipment as HSI does not have or maintain a secure storage location/room for this purpose.

f. The defense forensic examiner will be provided with contact information for HSI personnel. Should the examiner need to leave the Office for meals or whatever reason, he will be able to contact HSI personal who will provide access back into the Office area.

STIPULATION FOR PROCEDURES GOVERNING FORENSIC REVIEW - 3

g. Once the defense forensic examiner advises HSI that the defense review has been completed, the external hard drive containing the above-described evidence will immediately be wiped from the temporary storage media and the device re-sanitized. The defense forensic examiner will not save any work product on the storage device belonging to HSI.

h. The defense forensic examiner will have no access to any HSI work product including the forensic case related to the defendant.

i. HSI personnel cannot answer questions relating to the case under review other than those necessary to allow the defense forensic examiner access to the evidence.

j. Pursuant to the Adam Walsh Act, absolutely no contraband images or videos may be copied or removed in any way from the HSI Office. This includes images exported, copied or reported out via forensic software report generators.

k. With the exception of materials that would be considered child pornography under the Walsh Act, the defense forensic examiner may download files or portions of files as long as the forensic integrity of the hard drive is not altered. He may take off-site that electronic or electronically derived information necessary for his examination or report. The defense forensic examiner with certify in writing that he has kept no materials which would be considered child pornography under federal law and that he has not caused any child pornography to be sent offsite.

5. The above-described procedure relates solely to the facts and circumstances of the above-referenced case. An order by the Court in this matter does not constitute a waiver by the government regarding procedures, generally, for conducting forensic review of child pornography contraband.

IT IS SO STIPULATED.

STIPULATION FOR PROCEDURES GOVERNING FORENSIC REVIEW - 4

Respectfully submitted this 18th day of March, 2019.

> BART M. DAVIS
> UNITED STATES ATTORNEY
> By:
>
> /s/ Kassandra J. McGrady
> KASSANDRA J. MCGRADY
> Assistant United States Attorney

Respectfully submitted this 18 day of March, 2019.

> MURDOCH LAW OFFICE
> By:
>
> MANUEL MURDOCH
> Attorney for Defendant Lex Bennet Goodwin

STIPULATION FOR PROCEDURES GOVERNING FORENSIC REVIEW - 5