Manuel Murdoch
Attorney At Law
490 N. Maple, Suite D
P.O. Box 822
Blackfoot, Idaho 83221
(208) 785-1650
(208) 785-1750 FAX

Attorney for Defendant

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No: CR-17-296-E-DCN |
| | ) | |
| vs. | ) | DEFENDANT'S OBJECTION TO |
| | ) | GOVERNMENT'S INTENT |
| LEX BENNETT GOODWIN, | ) | TO ADMIT "OTHER ACT" |
| | ) | EVIDENCE |
| Defendant. | ) | |
| | ) | |

COMES NOW MANUEL MURDOCH, attorney for the above named defendant, and hereby objects to the Government's Notice of Intent to Admit "Other Act" Evidence at the trial of this matter.

The Government intends to introduce evidence relating to 4 types of acts allegedly done by Defendant. They are:

1. Evidence of communications between T.C. and Defendant discussing sexual interest in children and requesting that T.C. take nude photos of children and send them to him.

2. Evidence of images found on Defendant's cellphone showing Jane Doe II's underwear on Defendant's bare and erect penis.

3. Evidence of emails sent from the lexinpocatello@gmail account to various adult females requesting to engage in sexual activity.

4. Evidence of search terms and internet history that were found on the Gateway laptop computer that relate to child pornography and a sexual interest in children.

### Federal Rule 403

Federal Rule of Evidence 403 allows a court to exclude relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

Unfair prejudice refers to an undue tendency to influence a decision on an improper basis, such as an emotional one, or evidence designed to elicit a response from the jurors that is not justified by the evidence. *See U.S. v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998)

Evidence with only slight probative value must be excluded even if there is only a modest likelihood of unfair prejudice or a small risk of misleading the jury. *See U.S. v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Evidence may be excluded because it would be a waste of time if it would needlessly prolong the trial. *See U.S. v. Smithers*, 212 F.3d 306, 316 (6th Cir. 2000). Cumulative evidence may be excluded because it does no more than replicate other admitted evidence. *See. U.S. v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979).

In determining the probative value of a piece of evidence, a court may consider the availability of alternative means to present similar evidence. *See U.S. v. Wadallah*, 436 F.ed 125, 132 (2nd Cir. 2006).

As set forth below, the Court should exclude the evidence of "other acts" that the Government seeks to admit during the trial of this matter.

### Communications between T.C. and Defendant

The evidence of communications between T.C. and Defendant detailed in the Government's notice should be excluded under FRE 403 because the probative value of the communications is substantially outweighed by their unfair prejudice to Defendant. The only probative value of the communications would be to show that he had a sexual interest in children and that he knew search terms to find child pornography. This has

very little evidentiary value in light of the other evidence that the Government will be submitting at trial.  The Government will be submitting evidence that child pornography images were produced and stored on Defendant's phone, and that they were found on his Gmail accounts.  It will also submit evidence of child pornography that was produced elsewhere was found on his phone, on a computer to which he had access and his Gmail accounts.  There is plenty of evidence that the Government will be using to establish that Defendant has a sexual interest in children and knows how to search for child pornography without the communications with T.C.  Therefore, their probative value, in light of the other evidence presented is slight.  The probative value of the communications becomes even more diminished considering that they were made in 2009.  However, said communications are extremely inflammatory and would likely move jurors to make an emotional decision about Defendant's guilt in this case, rather than an analysis of how the evidence really establishes Defendant's guilt of the charges in this case.  Therefore, the court should exclude the evidence of the communications with T.C.

### Images of Jane Doe II's Underwear on a Bare and Erect Penis

The evidence of the images on Defendant's cellphone of Jane Doe II's underwear on a bare and erect penis should be excluded under FRE 403 because the probative value of the evidence is substantially outweighed by unfair prejudice to Defendant.  The probative value of the images is that they were taken with the same type of camera, in the same location and in the same time frame as other images taken of Jane Doe I and Jane Doe II.  At trial, the Government will be introducing the images found on Defendant's phone and Gmail accounts of Jane Doe I and Jane Doe II.  Those images will establish where the images were taken, the time frame and type of camera used.  Therefore, there is nothing more the images of the underwear and the penis will do to assist the jury to decide whether the elements of the charges have been proven.  However, these images, like the conversations with T.C. mentioned above, are extremely inflammatory and will likely move jurors to determine Defendant's guilt based on emotion instead of their actual evidentiary value.  Therefore, the court should exclude the evidence of the images depicting Jane Doe II's underwear with the erect penis.

**E-mails Sent from the lexinpocatello Gmail account**

The evidence of E-mails sent from the lexinpocatello Gmail account should be excluded under FRE 403 because the probative value of the evidence is substantially outweighed by unfair prejudice to Defendant. According to the Government, the probative value of the E-mails is to show ownership and use of the email account where child pornography files were located by reference to the sender of the message being in Pocatello, Defendant's name in the email address and a copy of his resume found in one of the emails in the account. The unfair prejudice to Defendant lies in the nature of the emails the Government seeks to introduce. They deal with solicitation of sexual acts from adult females, which is not illegal, but certainly does not cast Defendant in the best light under the circumstances of this case. If the Government's only intention with introducing the E-mails is to show ownership and use of the account, the Defendant submits that the admission of his resume located on the account would suffice. If the court deems that more of the emails should be shown to demonstrate Defendant's ownership and use of the account, then Defendant requests that the content of the communications of a sexual nature be redacted to eliminate any unfair prejudice to Defendant.

**Search terms found on the Gateway Laptop relating to Child Pornography and Sex Interest in Children.**

The evidence of the search terms found on the Gateway laptop relating to child pornography and a sexual interest in children should be excluded under FRE 403 because the probative value of the evidence is substantially outweighed by unfair prejudice to Defendant. The probative value of the search terms is to show that Defendant has a sexual interest in children. Defendant concedes that there is evidence showing that he was a user of the Gateway laptop. However, there is also evidence that others used the laptop as well. Therefore, it is possible that the search terms came from other users of the computer. Here, the unfair prejudice of introducing the search terms is that the terms are highly inflammatory and likely to, once again, move the jury to make an emotional

decision that the terms were employed by Defendant rather than a simple analysis of whether the evidence actually proves that fact.

WHEREFORE, based on the foregoing, Defendant submits that the "other acts" evidence the Government is seeking to admit is cumulative and unfairly prejudicial and must be excluded under FRE 403.

DATED May 6, 2019.

                                                           _____/s/_____
MANUEL MURDOCH
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kassandra McGrady
Kassandra.McGrady@usdoj.gov

                                                      _____/s/_____
MANUEL MURDOCH