Manuel Murdoch
Attorney At Law
490 N. Maple, Suite D
P.O. Box 822
Blackfoot, Idaho 83221
(208) 785-1650
(208) 785-1750 FAX

Attorney for Defendant

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Case No: CR-17-296-E-DCN |
| ) | |
| vs. ) | SENTENCING MEMORANDUM |
| ) | |
| LEX BENNETT GOODWIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

COMES NOW MANUEL MURDOCH, attorney for Defendant, LEX BENNETT GOODWIN and hereby submits his sentencing memorandum as follows:

**FACTS AND PROCEDURAL HISTORY**

Defendant was arrested in this case on October 5, 2017, after child pornography was found on two of his G-mail accounts and his cell phone. Thereafter, he was charged in the Second Superceding Indictment with eight counts related to the pornography found. Counts 1-4 charge Defendant with Sexual Exploitation of a Minor Child under 18 U.S.C. § 2251(a), (e), Count 5 charges Defendant with Attempted Sexual Exploitation of a Minor Child under 18 U.S.C. § 2251(a), (e), Count 6 charges Defendant with Transportation of Child Pornography under 18 U.S.C. § 2252A(a)(1), Count 7 charges Defendant with Possession of Child Pornography under 18 U.S.C. §2252A(a)(5)(B),

DEFENDANT'S SENTENCING MEMORANDUM        1

(b)(2) and Count 8 charges Defendant with additional penalties for committing the above crimes while being a registered sex offender under 18 U.S.C. § 2260A.

The parties in this case were not able to reach a plea agreement, and therefore, the matter was tried on May 20-23rd, 2019.  At the conclusion of the trial, the jury found Defendant guilty on all counts.

## SUMMARY OF THE ARGUMENT

In this case, the Pre-Sentence Report calculates Defendant's adjusted offense level at 49.  However, his guidelines range will be 43 pursuant to USSG Chaper5, Part A.  Further, the PSI places Defendant in criminal history category V, resulting in a suggested guideline imprisonment range of life.

Under the relevant statutory provisions, counts 1-5 each carries a 25-50 year sentence, count 6 carries 15-40 years, count 7 carries 10-20 years, and count 8 carries a 10 year consecutive sentence.  Therefore, assuming the court were to run the sentences on counts 1-7 councurrently, the minimum statutory sentence to be imposed in this case is 35 years.

Under the considerations set forth in 18 USC § 3553(a), a sentence of life as suggested by the guidelines is greater than what is necessary to achieve the objectives of sentencing.  In addition, Defendant argues that the statutory minimum of 35 years is grossly disproportionate to the crimes in this case and therefore violates his 8th amendment right against cruel and unusual punishment.  He therefore, asks the court to find that the sentence of life suggested by the guidelines is excessive and that the statutory sentence of 35 years is unconstitutional.  Accordingly, he asks the court to sentence him to something under 35 years.  In the event the court is not willing to make the finding of unconstitutionality, Defendant requests that the court take into account the factors surrounding his case and sentence him to the 35 year minimum mandatory sentence in this case.

## ARGUMENT
## SECTION 3553(a) CONSIDERATIONS

18 USC § 3553(a) directs the court to impose a sentence which is sufficient, but not greater than necessary to comply with the purposes of sentencing, which are:

1. Reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.
2. To afford adequate deterrence to criminal conduct.
3. To protect the public from further crimes of the defendant.
4. To provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

Since the U.S. Supreme Court's ruling in *U.S. v. Booker, U.S. v. Fanfan* (consolidated) 543 U.S. 220 (2005), the courts are no longer required to follow the sentencing guidelines. Nevertheless, the Sentencing Guidelines still play role in sentencing. *See U.S. v. Kimbrough,* 552 U.S. 85 (2007) at 108. While the Court must consider the appropriate guidelines range in determining the sentence, it is only a starting point; a rough approximation of sentences that might achieve § 3553(a)'s objectives. *See* Id. at 108. After considering the guidelines range, the court must consider the individual circumstances of a defendant and the case and set an appropriate sentence to achieve the §3553 factors. *See U.S. v. Gall*, 552 U.S. 38 (2007) at 49-50, *U.S. v. Rita*, 551 U.S. 338 at 350. Therefore, the sentencing judge is expected to take all the facts and circumstances presented to him and exercise his discretion to fashion an appropriate sentence to achieve the purposes of sentencing, which may be a term of incarceration outside the guidelines range.

An example of this in the child pornography context is found in *U.S. v. Pauley*, 511 F.3d 468 (4th Cir. 2007). In that case, the court sentenced a defendant who was guilty of possessing child pornography to 42 months imprisonment, when his guidelines range was calculated at 78-97 months imprisonment. *See* id. at 470. There, the judge considered the section 3553(a) factors and determined that the appropriate sentence should fall well below the guidelines range. *See* Id. at 470. The government appealed, arguing that the sentence was unreasonable. See Id. at 471. In upholding the district judge's sentence, the 4th Circuit reasoned that it cannot presume that the sentence was unreasonable because it was outside the guidelines range. *See* Id. at 473-474. Instead, if no procedural errors were committed in calculating the guidelines range, it was only to determine whether the district court abused its discretion in imposing the sentence. *See* Id at 474. It then found that the district judge had adequately considered the section

3553(a) factors in the matter that it found to be mitigating and held that the sentence was appropriate. *See* Id at 474-475.

Applying the above cases to the instant matter, it is clear that a sentence well below life as suggested by the sentencing guidelines will achieve section 3553(a)'s objectives.

### A. A Sentence Of Less Than Life Would Still Reflect The Seriousness Of The Offense, To Promote Respect For The Law And To Provide Just Punishment For The Offense.

A sentence of less than life would still reflect the seriousness of the offense, promote respect for the law and to provide just punishment for the offense. Defendant recognizes that child pornography is a serious problem in society, and a violation of the laws regarding it should be justly punished. However, the crimes in this case do not merit a sentence of life.

A sentence below the suggested guidelines range still promotes respect for the law and provides just punishment for the offense. In this case, Defendant has already been incarcerated for over a year. He will still have to serve whatever sentence the court gives him. Defendant understands how awful and undesirable incarceration, with its accompanying loss of freedom, is. He has already served a significant period of incarceration and will serve more. Much more. He fully understands that the law must be respected and fully plans to do so in the future. It will not take a sentence of 35 years or life to convey that message to him or to constitute adequate punishment for his actions.

In this instance, a sentence of life would be unduly harsh and far in excess of what is necessary to achieve the objectives of sentencing.

### B. A Sentence Below Life Would Still Afford Adequate Deterrence To Criminal Conduct.

A sentence below life would still afford adequate deterrence to criminal conduct. Defendant is 33 years old. If given a 35 year sentence (the statutory minimum in this case), accounting for the time he has already served, he will be 66 years old when he is released. He will have doubled his current age and spent the best years of his life in prison. Defendant argues that under any standard, such a sentence or even far less would provide adequate deterrence to criminal conduct.

### C. A Sentence Of Less Than Life Would Still Protect The Public From Further Crimes Of The Defendant.

A sentence of less than life would still protect the public from further crimes of the defendant. As argued above, Defendant will be in prison for a long time and during that time, the public will be protected from any further crimes coming from him. During his prison time, Defendant will be able to engage in treatment programs and should be rehabilitated by the time he is released. Also, studies indicate that the rate of recidivism decreases as defendants age. Here, Defendant will be quite a bit older than he is now by the time he is released and the risk of him re-offending should be low. Therefore, the public is not at risk from further crimes of the Defendant and a life sentence is not necessary to achieve this objective.

### D. A Sentence Of Less Than Life Would Provide The Defendant With Needed Educational Or Vocational Training, Medical Care Or Other Correctional Treatment In The Most Effective Manner.

Even with a sentence of less than life there would still be ample time to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. In this case, it appears that Defendant would benefit from sex offender treatment with the aim of rehabilitating him so that he will not commit crimes in the future. Interestingly, a sentence of life as suggested by the Sentencing Guidelines would render the need for correctional treatment meaningless. It would serve no purpose to provide treatment to rehabilitate the defendant if he would never be released back out into society. Therefore, in this case, a sentence of life would be well in excess of what is necessary to achieve this objective.

## VIOLATION OF 8TH AMENDMENT AGAINST CRUEL AND UNUSUAL PUNISHMENT

As mentioned above, Defendant believes that the minimum sentence of 35 years mandated by the statutes is excessive and disproportionate to the crimes in this case. Therefore, he believes that a sentence under either scheme would violate his 8th amendment right against cruel and unusual punishment.

## CONCLUSION

Based on the foregoing, Defendant asks the court to find that the sentence of life suggested by the guidelines is in excess of what is required to achieve the objectives of sentencing and that the statutory sentence of 35 years is unconstitutional. Accordingly, he asks the court to sentence him something less than 35 years. In the event the court is not willing to make the finding of unconstitutionality, Defendant request that the court take into account the factors surrounding his case and sentence him to the 35 year statutory minimum in this case.

DATED August 3, 2019.

_____/s/_____
MANUEL MURDOCH
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 3, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John Shirts
John.shirts@usdoj.gov

Kassandra McGrady
Kassandra.McGrady@usdoj.gov

_____/s/_____
MANUEL MURDOCH